UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES WILLIS WALTENBURG,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>DOUG WADDINGTON,<br><br>　　　　　　　Respondent. | Case No.  C05-5767 RBL/KLS<br><br>REPORT AND<br>RECOMMENDATION<br><br>**NOTED FOR:<br>SEPTEMBER 15, 2006** |

　　This habeas corpus action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Petitioner filed this action under 28 U.S.C. § 2254.

### I. SUMMARY CONCLUSION

　　Petitioner challenges his 1999 Lewis County conviction.  Respondent argues that the petition is time barred.  The court agrees that the petition is time barred and recommends that the petition be **DISMISSED WITH PREJUDICE**.

REPORT AND RECOMMENDATION
Page - 1

## II. STATEMENT OF THE CASE

Petitioner is in state custody and is confined at the Stafford Creek Correctional Center, pursuant to the valid judgment and sentence of the Lewis County Superior Court. In 1999, the court found Petitioner guilty, by plea, of the first-degree child rape. (Dkt. # 14, Exh. 1). Petitioner was initially given a special sexual offender alternative (SSOSA) sentence. In 2001, the court revoked his SSOSA sentence and sent him to prison for 123 months. (Id. at Exh. 2 at p. 8, entry of 6/8/01).

On December 30, 2004, petitioner filed a personal restraint petition. (Id. at Exh. 3). The Washington Court of Appeals dismissed it as untimely. (Id. at Exh. 4). Petitioner asked for review. (Id. at Exh. 5). The Supreme Court denied it as untimely. (Id. at Exh. 6). Petitioner moved to modify that ruling. (Id. at Exh. 7). The Washington Supreme Court denied petitioner's motion. (Id. at Exh. 8).

## III. ISSUE

Petitioner presents the court with the following ground for habeas corpus relief:

Excessive sentence imposed.

(Dkt. # 6 at 6).

## IV. EXHAUSTION OF STATE REMEDIES

Because the petition is untimely under the statute of limitations, 28 U.S.C. § 2244(d), the Court need not determine whether Petitioner properly exhausted his available state remedies. 28 U.S.C. § 2254(b)(2).

## V. EVIDENTIARY HEARING

A petitioner who fails to develop the factual basis of a claim in state court is not entitled to an evidentiary hearing unless the claim relies on:

> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense . . . .

28 U.S.C. § 2254(e)(2).

The decision to hold a hearing is committed to the court's discretion. Williams v. Woodford, 306 F.3d 665, 688 (9th Cir. 2002). A hearing is not required unless the petitioner "alleges facts which, if proved, would entitle him to relief." Townsend v. Sain, 372 U.S. 293, 312 (1963). The petitioner must produce some evidence demonstrating the existence of a genuine question of material fact. Morris v. State of California, 966 F.2d 448, 454-55 (9th Cir. 1991), cert. denied, 506 U.S. 831 (1992). A hearing is not required if the claim presents a purely legal question or may be resolved by reference to the state court record. Campbell v. Wood, 18 F.2d 662, 679 (9th Cir.) (en banc), cert. denied, 511 U.S. 1119 (1994). Because the petition in this case is untimely, petitioner cannot satisfy these standards, and he is not entitled to an evidentiary hearing.

## VI. STANDARD OF REVIEW

A federal petition for writ of *habeas corpus* filed on behalf of a person in custody pursuant to a judgment of a state court, shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme

REPORT AND RECOMMENDATION
Page - 3

        Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

State court judgments carry a presumption of finality and legality. McKenzie v. McCormick, 27 F.3d 1415, 1418 (9th Cir. 1994), cert. denied, 513 U.S. 1118 (1995). Federal habeas corpus relief does not lie for errors of state law. Estelle v. McGuire, 502 U.S. 62, 67 (1991). The petitioner must prove the custody violates the Constitution, laws or treaties of the United States. McKenzie, 27 F.3d at 1418-19. If a petitioner establishes a constitutional trial error, the Court must determine if the error caused actual prejudice. Brecht v. Abrahamson, 507 U.S. 619, 637-39 (1993).

### VII.  DISCUSSION

**A.    The Habeas Corpus Petition is Untimely Under The Federal Statute Of Limitations, 28 U.S.C. § 2244(d).**

The Antiterrorism and Effective Death Penalty Act (AEDPA) established a statute of limitations for habeas corpus petitions. 28 U.S.C. § 2244(d). Where the challenged conviction became final after April 24, 1996, the statute generally begins to run from one of the following four dates:

(A)    the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such state action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Direct review ordinarily concludes either upon the expiration of the time for filing a petition for writ of certiorari, or when the Supreme Court rules on a petition for writ of certiorari. <u>Bowen v. Roe</u>, 188 F.3d 1157, 1158-59 (9th Cir. 1999). A petitioner seeking review of a judgment of a lower state court must file the petition for writ of certiorari "within 90 days after entry of the order denying discretionary review." Sup. Ct. Rule 13(1).

Petitioner did not file a direct appeal from his judgment and sentence. The superior court entered petitioner's judgment and sentence on February 23, 1999. (Dkt. # 14, Exh. 1). Even if the 30-day time period for filing a notice of appeal is taken into account, the judgment became final no later than March 25, 1999. Therefore, the statute of limitations began to run no later than November 22, 1999. The statute of limitations ran for 365 days and expired on March 25, 2000. <u>Corjasso v. Ayers</u>, 278 F.3d 874, 877 (9th Cir. 2002); <u>Nino v. Galaza</u>, 183 F.3d 1003 (9th Cir. 1999). Petitioner signed his federal habeas corpus petition on November 22, 2005.

Because Petitioner did not file his federal habeas corpus petition by March 25, 2000, the petition is untimely under the statute of limitations, 28 U.S.C. § 2244(d)(1). In addition, petitioner's first state court post-conviction challenge was not filed until December 30, 2004, more than four years after the statute of limitations had expired. Thus, that collateral challenge did not toll the statute of limitations while the petition was pending in state court. *See e.g.,* 28 U.S.C. § 2244(d)(2); <u>Artuz v. Bennett</u>, 531 U.S. 4 (2000); <u>Pace v. DiGuglielmo</u>, 544 U.S. 408 (2005). Both the Court of Appeals and Supreme Court of Washington dismissed petitioner's challenges as untimely. (Dkt. # 14 at Exh. 4, 6).

**B.     RCW 10.73.100 Does Not Apply as Petitioner Did Not Receive an Exceptional Sentence**

REPORT AND RECOMMENDATION
Page - 5

Petitioner urges that his petition is not time-barred as it falls within one of six exceptions to the statutory time limit for filing state post-conviction relief filings under RCW 10.73.100(1)-(6), because the sentence imposed was in excess of the state court's jurisdiction. Petitioner argues here, as he did in his state court challenges, that his restraint is unlawful because he was never informed that in addition to serving 123 months confinement, he would serve 36 months of community custody. He claims that this results in an impermissible exceptional sentence. Without reaching the merits, the Washington Court of Appeals dismissed the petition as untimely pursuant to RCW 10.73.090(1), stating:

> A personal restraint petition is a collateral attack on a judgment. RCW 10.73.090(2). Petitioner's judgment and sentence became final on February 23, 1999. *See* RCW 10.73.090(3). Accordingly, when petitioner filed the present petition on December 30, 2004, more than one year had elapsed.
>
> This time limit does not apply, however, when the petitioner seeks relief based on one of the exceptions set out in RCW 10.73.100. But none of these exceptions applies here. First, petitioner did not receive an exceptional sentence. He received the sentence to which he agreed in his plea agreement. After listing his standard range sentence as 93 to 123 months, his plea agreement states: "In addition to confinement, the judge will sentence me to community custody for at least 3 years." Plea Agreement at 4.
>
> Neither is petitioner's sentence invalid under *Blakely v. Washington*, ___ U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), where the United States Supreme Court held that, except for the existence of a prior conviction, any fact that increases the penalty for a crime must be admitted by the defendant or submitted to a jury and proved beyond a reasonable doubt. *Blakely*, 124 S.Ct. at 2536 (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)). The addition of community placement, however, is not an exceptional sentence as defined in RCW 9.94A.535. *In re Pers. Restraint of Caudle*, 71 Wn.App. 679, 680, 863 P.2d 570 (1993). The standard range for Waltenburg's first-degree child rape conviction based on an offender score of zero was 93-123 months. Former RCW 9.94A.310 (1998). He received a standard range sentence and the addition of community custody did not exceed the statutory maximum, which is life in prison. *State v. Hudnall*, 116 Wn.A App. 190, 195, 64 P.3d 687 (2003).

*Blakely* is inapplicable. Petitioner fails to show that any exception to the time bar applies.

(Dkt. #14, Exh. 4 at 1-3)(footnotes omitted).

In denying review, the Supreme Court of Washington stated that, even if *Blakely* applied, "that decision permits the imposition of any sentence allowed by the judgment of guilty alone." *Blakely*, 124 U.S. at 2537. Thus,

> The statute in effect when Mr. Waltenburg committed his crime required the imposition of three-year term of community custody for anyone convicted of a sex offense. Former RCW 9.94A.120(10)(a) (1998). Therefore, Mr. Waltenburg's guilty plea alone permitted – indeed required – the trial court to impose a three-year community custody term. Because the term of incarceration plus the term of community custody does not exceed the statutory maximum for Mr. Waltenburg's crime, the sentence is lawful. *See State v. Sloan*, 121 Wn. App. 220, 222-23, 87 P.3d 1214 (2004)(combined term of incarceration and community custody may not exceed statutory maximum for crime).

(Dkt. # 14, Exh. 6 at p. 2).

At the time he plead guilty, petitioner knew the prosecutor's recommendation would be that, if he was found eligible for a SSOSA sentence, his sentence would be 123 months and community custody would be 36 months. (Dkt. # 14, Exh. 9 at 7).  He received the sentence to which agreed in his plea agreement.

Petitioner fails to show that any exception to the time bar applies in this case or that any extraordinary circumstances beyond his control made it impossible for him to file his petition on time. Accordingly, the petition is time barred and must be dismissed under 28 U.S.C. § 2244(d).

## VIII. CONCLUSION

This petition is time barred. Accordingly, the petition should be **DISMISSED WITH**

**PREJUDICE.** A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **September 15, 2006,** as noted in the caption.

Dated this __18th__ day of August, 2006.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 8